## MILNE and Another *against* HAMILTON.

### IN ERROR.

In an action by the indorsee of a promissory note, against the drawer, the defendant filed an affidavit of defence, setting forth that on a certain day (after the date of the note and before it fell due,) his creditors signed an agreement, under their hands and seals, giving him an extension of time for paying their debts, which agreement was annexed to the affidavit, and contained a covenant not to sue, &c., and also a covenant to take up such notes of the defendant as they had passed away when they should become due. The affidavit further stated, that the payee of the note executed the deed of extension, by the consent and approbation of the plaintiff, as the deponent verily believed, &c.: *Held,* that this affidavit was not sufficient to prevent a judgment under the act of 28th March, 1835.

ERROR to the District Court for the City and County of Philadelphia.

Hans Hamilton brought an action against David Milne and James Milne, trading under the firm of David Milne, upon a promissory note drawn by the defendants, dated the 13th of February, 1837, at four months, for $173 40, in favour of David Lawson, and endorsed by him to the plaintiff.

A copy of the note was duly filed; and the defendant filed the following affidavit of defence.

"James Milne, one of the above defendants, being duly sworn, says that there is a defence to the above action, the nature of which is as follows.

That in April last the creditors of the defendants signed an extension, under their respective hands and seals, by which they bound themselves, their heirs, executors, administrators, and assigns, to accept and take their several and respective debts, in six even and equal payments or portions, without interest, from the 1st of May 1837. The first payment to be made in five months from the said first of May, the second in eight months, the third in twelve months, the fourth in sixteen months, the fifth in nineteen months, and the sixth in twenty-one months. That the said creditors severally and respectively agreed, not to arrest, sue, implead, attach, or prosecute, the said defendants, or their goods or effects, unless default should happen to be made, in the payment of the said *instalments, under forfeit- [*285] ure and loss of the debts of such as should do so. Deponent further says, that David Lawson the payee and endorser of the promissory note on which the above suit is brought, executed

(Milne *v.* Hamilton.)

the said deed of extension, by the consent and approbation of the said plaintiff, as deponent verily believes.

Before the said Lawson executed the said letter of license, he delayed, for the purpose of consulting the said plaintiff, the then holder, as he said, of the said note, went away for the purpose of consulting him, came back and signed the said deed of extension. Deponent is instructed if he can prove the above facts, (which he knows to be true,) that then the said plaintiff is bound by the said letter of license so executed by the said Lawson with his knowledge, consent and approbation, and has no right to bring suit contrary to the terms thereof. The deponent herewith annexes a copy of the said deed of extension, which he prays may be considered as a part of his affidavit."

Copy of the instrument annexed to the affidavit.

"Know all men by these presents, that we whose names are hereunder subscribed and seals affixed, creditors of David Milne, or of the firm of David Milne & Son, taking into consideration that by reason of losses and misfortunes, they have not at present wherewith to pay and satisfy us our several debts, do, therefore, at their request, severally and respectively, agree and bind ourselves, our heirs, executors, administrators, and assigns, to accept and take all debts and sums of money, as the said David Milne, or the said firm do owe unto us respectively, (including all notes, endorsements, drafts, acceptances, and open contracts, for which the said David Milne, or the said firm is liable,) by six even and equal payments, or portions, without interest, from the first day of May, now next ensuing, and the interest on all debts due after the first day of May now next ensuing, to be deducted to that day, from the time they will become due; that is to say, the first payment to be made in five months from the said first day of May now next ensuing; the second payment to be made in eight months from the said date; the third payment in twelve months from the said date; the fourth payment in sixteen months from the said date; the fifth payment in nineteen months from the said date; and the sixth payment in twenty-one months from the said date. And such of us as have passed away our notes or drafts of the said David Milne, or of the said firm, or for which the said David ·Milne or the said firm is liable, do hereby, severally and respectively, covenant and agree to take them up when they become due. And we do further severally and respectively agree, not to arrest, sue, implead, attach or prosecute, by any manner of ways or means whatsoever, the said David Milne, or the said David Milne & Son, or their, or either of their goods or effects, [*286] unless default shall happen to be made in payment *of the debts aforesaid, on the several· days and times above

(Milne *v.* Hamilton.)

limited, under forfeiture and loss of such our debts and sums of money as shall so arrest, sue, implead, attach or prosecute. In witness whereof we have hereunto set our hands and seals this twenty-eighth day of April, in the year one thousand eight hundred and thirty-seven."

The plaintiff obtained a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which was made absolute on the 6th of September, 1837, and judgment was entered on that day for the plaintiff.

This writ of error was then obtained; and on the return of the record, the following specifications of error were filed.

"1. The Court erred in deciding that the affidavit of defence filed in the above case, was not sufficient to entitle the defendant to a trial by jury.

2. The Court erred in giving judgment for the plaintiff, notwithstanding the affidavit of defence."

Mr. *Perkins* for the plaintiff in error.

Mr. *Hopkins, contra,* was stopped by the Court.

PER CURIAM.—The payee had parted with the note, and could not control the holder's recourse on it without his consent; but it is supposed that the holder's approbation of the arrangement is equivalent to an engagement to abide by it. His approbation, however meant nothing. He had no right to approve or object; for as his interest was not bound up in the transaction, it was one with which he had not to do. Such of the parties as had parted with notes of the firm, covenanted to take them up at maturity; but nothing indicates an expectation of forbearance by the holders. It is not to be supposed that an endorsee would release the drawer without an equivalent security; and no one can sue on a covenant who is not a party to it. Had the payee executed the instrument on a promise by the plaintiff to forbear, the defendants might have had the benefit of it; but no such promise can be inferred from the plaintiff's acquiescence in an arrangement to which he had not a right to object. It would, in fact, have been a relinquishment of every security but the payee's endorsement, while the other creditors were at liberty to sue the defendants for each default. The plaintiff's pursuit of the defendants therefore, is not in fraud of those who interposed to relieve them; and there is, consequently, nothing in it which could furnish a defence.

Judgment affirmed.

Cited by Counsel, 6 Wharton, 471 ; 6 Barr, 167.